IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2016 FEB -9 PM 12: 06

OFFICE OF THE CLERK

8:16 CR4
~~8:15CR~~

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PAUL YOUNES,

Defendant.

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney, and Douglas R. Semisch, Assistant United States Attorney, and defendant, Paul Younes, and Paul J. Forney, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

1. Defendant agrees to plead guilty to an Information which charges a violation of Title 8, United States Code, Sections 2 and 1324a(a)(2) and (f)(1).

2. This plea agreement is contingent upon Kearney Hospitalities, Inc. tendering its plea of guilty to a felony violation of harboring aliens in violation of 8 U.S.C. §1324(a)(1)(A)(iv).

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States Attorney for the District of Nebraska agrees that she will not file any felony charges against the defendant with respect to the events giving rise to the Information.

2. The United States Attorney for the District of Nebraska agrees that with the exception of Kearney Hospitalities, Inc,. Stephanie Hagemeier, and Blancha Gama a/k/a Blanca Chumazero, no other person or entity associated with the defendant will be prosecuted with respect to the events giving rise to the Information in the instant case regarding the hiring, in any capacity or at any location, of Blanca Gama, Elizabeth Gomez or Jacqueline Lopez.

1

**II**

**NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The defendant hired and continued to employ Blanca Gama under various names.
2. Blanca Gama was an alien who was not authorized to be employed in the United States.
3. The defendant knew that Blanca Gama was not authorized to undertake the employment.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1. Blanca Gama, a/k/a Blancha Chumazero, is a citizen of Mexico who is not lawfully in the United States.  Because of her status, she is not authorized to work in the United States.

2. The defendant is an officer, director and/or employee of various corporations which own and/or run hotels in the District of Nebraska, including the Holiday Inn Express in Hastings, Nebraska and the Fairfield Inn & Suites in Kearney, Nebraska.

3. The defendant knew that Blanca Gama was employed under that name as the supervisor in the housekeeping department at the Holiday Inn Express in Hastings, Nebraska.

4. The defendant had met and was personally familiar with Blanca Gama as he also provided a personal loan to her under that name in March of 2014.

5. In 2014, Blanca Gama learned that she was under investigation by an agent with Social Security Administration Office of Inspector General.  Gama quit her job at the Holiday Inn Express. However, she subsequently met with the defendant who arranged for her to be employed in the housekeeping department of the Fairfield Inn in Kearney, Nebraska under the name of Elizabeth Gomez.

6. The defendant did not place Elizabeth Gomez on the regular employee payroll for the Fairfield Inn.  Rather, he treated her as an independent contractor even though she was the only person in the housekeeping department who was employed in that capacity.

2

Checks to Gomez were issued from the Fairfield Inn & Suites Special Account rather than from the regular account used for payroll for that hotel. No Form 1099 was issued to Elizabeth Gomez regarding these payments.

7. The defendant also hired Blanca Gama to do work for him in his personal capacity-- cleaning his house-- in order to provide her with extra income in an effort to make traveling from Hastings to Kearney more feasible.

8. Eventually Blanca Gama wanted to return to working at the Holiday Inn Express in Hastings. The defendant authorized her re-hire at that location under the name Jacqueline Lopez even though she continued to be referred to as Blanca Gama at that location.

9. The defendant knew that Blanca Gama was not authorized to be employed in the United States.

## III

## PENALTIES

A.      COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.      A maximum 6 months in prison;

2.      A maximum $3,000 fine;

3.      A mandatory special assessment of $10 per count; and

4.      A term of supervised release of not more than 1 year. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.      Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

3

## V

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the United States recommends the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1. The parties have no agreements regarding the applicable sentencing guidelines calculations.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G.

4

§ 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.    CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.    RECOMMENDATION REGARDING CUSTODY.

Pursuant to Rule 11(c)(1)(C), the parties agree the defendant should be sentenced to a term of probation of five years. The defendant shall further be ordered to pay a fine of $3,000 and a special assessment of $10. These amounts must be paid on or before the date of sentencing.

G.    STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a

waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. ' 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. ' 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any

6

obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A.  This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.  By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.  The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.  The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding.  Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.  Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $10 for each misdemeanor count to which the defendant pleads guilty.  The defendant will make this payment at or before the time of sentencing.

E.  By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).  The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

7

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

2/9/16
Date

Douglas R. Semisch
Assistant U.S. Attorney

12/22/15
Date

Paul Younes
Defendant

12/22/15
Date

Paul J. Forney
Attorney for Paul Younes

8